# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

# BATON ROUGE DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | DOCKET NO. 3:08-528 |
| VS. | : | JUDGE TRIMBLE |
| BEVERLY ROBINSON-DOWNS, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a "Third-Party Defendants Motion to Dismiss and for Summary Judgment" ( R. #77) wherein, third-party defendants, Southern University and A&M College, Betty Hodge and Lester Pourciau (collectively referred to as the "University Defendants"), move the court to grant judgment in their favor and dismiss the claims made against them. Third-party defendant, Beverly Robinson Downs, now deceased and represented by Gwendolyn Jase Robinson as the proper party opposes the motion.

## FACTUAL STATEMENT

Dr. Raymond Downs died on November 29, 2006. At the time of his death, he was Vice Chancellor for Student Affairs at Southern University.[1] Through his employment with the University he obtained a life insurance plan provided by the Prudential Insurance Company of America.[2] When he completed the original life insurance beneficiary designation forms, he was married to his first wife, Ms. Alice Downs. He named Ms. Alice Downs as his primary beneficiary and his two

---

[1] University Defendants' exhibit 3, Lester Pourciau affidavit, ¶ 5.

[2] R. #1, Interpleader Complaint; University Defendants' exhibit 3, Pourciau affidavit, ¶ 5.

children, Kirsten and Arymon Downs, Jr. as contingent beneficiaries.[3]

On or about December 6, 2002, Alice and Raymond Downs were divorced.[4] Thereafter, on December 13, 2003, Dr. Downs married third-party plaintiff, Beverly Robinson-Downs.[5] Dr. Downs died on November 29, 2006.[6] Later that same day, Ms. Robinson-Downs and her sister Durinda Robinson met with third-party defendants, Lester Pourciau and Betty A. Hodge, employees of the Southern University Human Resource Department to inquire about the life insurance policy.[7] Mr. Pouricau left the office and third-party defendant, Betty Hodge informed Ms. Robinson-Downs that Alice Downs was the beneficiary of the life insurance policy.[8] A change of beneficiary form naming Ms. Robinson-Downs as primary beneficiary for the life insurance policy was never found, nor was there a change of beneficiary form found in Southern University's files.[9] Prudential found no record

---

[3] R. #1, Interpleader Complaint, ¶ 15 and exhibit B attached thereto; R. #13, Defendant Beverly Robinson-Downs Counterclaim, Cross-Claim and Third-Party Complaint, ¶ 11.

[4] R. #1, Interpleader Complaint, ¶ 16 and exhibit C attached thereto; R. #13, Third-Party Complaint, ¶ 12.

[5] R. #1, Interpleader Complaint, ¶ 17 and exhibit D attached thereto; R. #13, Third-Party Complaint, ¶ 17.

[6] R. #1, Interpleader Complaint, ¶ 11; R. #13, Third-Party Complaint, ¶ 20.

[7] R. #13, Third-Party Complaint, ¶ 21; University Defendants' exhibit #1, depo of Lester Pourciau.

[8] Robinson-Downs exhibit 1. Robinson-Downs exhibit 2, Durinda Robinson depo., p. 16, lines 19-24.

[9] Robinson-Downs exhibit 2, Robinson depo. p. 17, lines 9-20; University Defendants' exhibit 1, Pourcaiu dep, p 25, lines 19-23, p. 26, lines 1-23; University Defendants exhibit 3, Pourcaui affidavit, ¶ 7; R. #1, Interpleader Complaint, ¶ 15, and Exhibit B attached thereto.

2

of a change of beneficiary.[10]

Beverly Robinson-Downs died on March 9, 2009 and her mother, Gwendolyn Jase Robinson was substituted as the proper party.[11]

## **RULE 12 STANDARD**

A motion pursuant to Federal rule of Civil Procedure Rule 12(c) may be filed after the pleadings are closed and are treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted.[12] The court may dismiss a claim when it is clear the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[13] In analyzing the complaint, all well-pleaded facts are accepted as true, viewing them in the light most favorable to the plaintiff.[14] The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.[15]

An action may be dismissed if it can be demonstrated that the court lacks subject matter jurisdiction over the allegations made therein. A court has the power to dismiss pursuant to Rule 12(b)(1) on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts

---

[10] University Defendants' exhibit 2, Robinson depo, pp. 12, lines 19-20, p. 18, lines 24-25, p. 19, lines 1-10.

[11] R. #52, Motion to Substitute Party, ¶ 4.

[12] Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)

[13] Fee v. Herndon, 900 F.2d 804, 807 (5th Cir. 1990).

[14] Doe v. Hillsboro Independent School Dist., 81 F.3d 1395, 1401 (5th Cir. 1996).

[15] Id.

plus the court's resolution of disputed facts.[16]

If lack of subject matter jurisdiction is challenged on the basis of the face of the complaint itself, then the well-pleaded allegations of fact within the complaint are assumed to be true for that purpose.[17] If subject matter jurisdiction is challenged from a factual standpoint, then the court has the right to consider testimony, affidavits or other evidence outside the pleadings to satisfy itself that subject matter jurisdiction does in fact exist.[18]

In such situations, no presumption of truthfulness attaches to the allegations of the plaintiff's complaint, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims.[19] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[20]

## LAW AND ANALYSIS

Ms. Robinson-Downs answered the interpleader complaint and brought these counterclaims against defendants, Southern University, Betty Hodge and Lester Pourciau alleging a breach of duty, negligence and negligent misrepresentation in their handling of beneficiary claims and/or claim forms regarding her late husband, Raymond Downs. Ms. Robinson-Downs alleges in her complaint that Southern University employees, Lester Pourciau and Betty Hodge erroneously advised her about

---

[16] Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1680, 1384 (5th Cir. 1989).

[17] Menchaca v. Chrysler Credit Corp., 613 F.2e 507, 512 (5th Cir. 1980).

[18] Williamson v. Tucker, 645 F.2d 404 (5th Cir. 1981).

[19] McLain v. Real Estate Bd. of New Orleans, Inc., 583 F.2d 1315, 1325 (5th Cir. 1978), vacated and remanded on other grounds, 444 U.S. 232 100 S.Ct. 502 (1980).

[20] Sandifer v. Lumberton Pub. Sch. Dist., 2007 2071799 (S.D. Miss 2077), citing Fernandez-Montez v. Allied Pilots Ass'n, 987 F.3d 278, 284 (5th Cir. 1993).

4

being the beneficiary of the life insurance policy. Consequently, she incurred funeral expenses that went unpaid and suffered mental anguish and trauma. As a side note, the court notes that defendants, Hall Davis & Sons Funeral Service, Ltd.(with a reassigned interest to C&J financial, LLC) and Southern Memorial Gardens (with a reassigned interest to Ford Acceptance Corporation) (collectively referred to as the "Funeral Expense Defendants") were originally included in this action because Ms. Robinson-Downs had assigned her purported interest in the life insurance policy to these defendants to pay the funeral expenses.[21] In a motion to dismiss, Prudential informed the court that the Funeral Expense Defendants were no longer involved in the litigation as their claims for payment of the funeral expenses had been paid in full.[22] By order of the court, these defendants have been dismissed.[23]

As previously noted, Ms. Robinson-Downs passed away after the instant lawsuit was filed. The University Defendants maintain that Ms. Robinson-Downs has failed to plead the elements necessary to support her claims and there is no evidence in the record to support the claims she has alleged against them. The University Defendants specifically maintain that Ms. Robinson-Downs has failed to state a claim upon which this court may grant relief, the court lacks subject matter jurisdiction, Eleventh Amendment immunity, qualified immunity, defendants owed no duty of care, no cause of action for negligence or negligent misrepresentation exists, and these third-party claims are not the proper subject of interpleader jurisdiction.

---

[21] See R. #65 & 69.

[22] Id. See exhibit A-2 attached to Exhibit A( R. #65-3) wherein Ford Acceptance declares that it had been paid in full by Prudential.

[23] R. #68.

*Third party claims not subject to interpleader jurisdiction*

The University Defendants seek to dismiss the claims of negligence and negligent misrepresentation. These defendants maintain that this court does not have jurisdiction in this interpleader action as to the negligence and negligent misrepresentation on the part of these defendants and there is no basis for the third-party plaintiff ( Ms. Robinson-Downs) to assert these claims in this action.

The intent of the federal interpleader statute, 28 U.S.C. § 1335, is to protect stakeholders from multiple or vexatious litigation.[24] The statute enables disinterested stakeholders to distance themselves from litigation by depositing in a federal court the thing in dispute and having that court direct the parties with interests in the thing to fight it out at their own expense.[25]

"The extension into which an interpleader suit may be extended by the joinder of new parties and new claims is delineated by the *res* of the case."[26] In other words, this court is limited to disposition of the *res*, or the amount deposited into the registry by Prudential. The criteria to look at when deciding a motion of joinder of claims is the monies or property subject to diverse and opposed claims of entitlement.[27] Two different funds with different claimants cannot be joined in

---

[24] 7 C. Wright A. Miller & M. Kane, Federal Practice and Procedure § 1709 (1986).

[25] Id.

[26] Metropolitan Life Ins. Co. v. O'Ferrall Ochart, 635 F.Supp. 119 (D.Puerto Rico, 1986).

[27] Id.

6

one interpleader action.[28]

In her answer and third-party complaint, Ms. Robinson-Downs alleges actions of negligence, recklessness and carelessness against the University Defendants causing Ms. Robinson-Downs to become emotionally distressed which resulted in significant cost and expenses.[29] The Claims of negligence wherein the third party plaintiff seeks damages in an unspecified amount are not within the jurisdiction of this court because they are not related to the issue of who is entitled to the proceeds of the life insurance proceeds deposited into the registry of this court. Accordingly, the court will dismiss these claims for lack of jurisdiction.

*Eleventh Amendment Immunity*

The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives its immunity.[30] Eleventh Amendment immunity extends to state agencies that act as arms of the state. The University Defendants maintain that they are entitled to immunity because Southern University, and its employees, is a State Agency acting under color of State law or as an arm of the State. As such, the State of Louisiana has consented to be sued only in state courts.[31] These defendants further maintain that the State has not consented to being sued in federal court and has not waived its Eleventh Amendment immunity from suit in Federal court.[32]

---

[28] Id. See also American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc., 407 F.Supp. 164 (D.C. Virgin Islands 1975).

[29] Answer and third-party complaint, ¶¶ 25 and 26.

[30] U.S.C.A. Const. Amend. 11.

[31] Louisiana Constitution of 1974, Article XII,, § 10; La. R.S. 13:5106.

[32] Citing Citrano v. Allen Correctional Center, 891 F.Supp. 312 (W.D.La. 1995); Kiper v. Louisiana State Board of Education, 592 F.Supp. 1343, aff'd 778 F.2d 789 (5th Cir. 1985).

Southern University is created as a corporate body and instrumentality of the State of Louisiana.[33] Thus, the University is immune from suit in federal court under the Eleventh Amendment.[34] Defendants also maintain that the state law claims of negligence and negligent misrepresentation must also be dismissed under the Eleventh amendment analysis because the University is a State agency and its employees are State officials in the performance of their official duties.

Ms. Robinson-Downs argues that the University Defendants have waived their right to the Eleventh Amendment defense because they consented to the removal of this case to the Middle District of Louisiana. Ms. Robinson-Downs cites Levy v. Office of Legislative Auditor,[35] wherein the State removed a case in state court to federal court and waived its sovereign immunity. This suit was originally brought by Prudential in federal court in New Jersey which transferred the case to the Middle District of Louisiana. Thus, we conclude that the State of Louisiana has not consented to jurisdiction nor waived the Eleventh Amendment defense. Accordingly, all claims against Southern University and its employees whose actions were in performance of their official duties are barred and must be dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing the claims against Southern University and A&M College, Betty Hodge and Lester Pourciau as these claims are barred by the Eleventh Amendment and because the court does not have jurisdiction to entertain the

---

[33] Louisiana State Constitution of 1974, Article VIII, § 7.

[34] Richardson v. Southern University, et al., 118 F.3d 450, 453 (5th Cir. 1997).

[35] 362 F.Supp.2d 729 (M.D.La.2005).

negligence and negligent misrepresentation claims in this interpleader action. Because of our finding, we will not address the merits of the University Defendants other arguments for dismissal. The Court determines that there is no just reason for delay and will direct entry of final judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of February, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE