UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| THE PRUDENTIAL INS. CO. | CIVIL ACTION NO. 08-0528 |
|---|---|
| VERSUS | DISTRICT JUDGE JAMES T. TRIMBLE |
| BEVERLY ROBINSON-DOWNS, et al | MAGISTRATE JUDGE JAMES D. KIRK |

Memorandum Ruling and Judgment

Before the court is plaintiff's motion for attorney fees, doc. #81. This is an interpleader petition filed by Prudential regarding the proceeds of a life insurance policy. The suit lists six potential claimants to the funds, $25,000, which were deposited into the registry of the court in November 2009. Suit was filed in New Jersey federal court in April of 2007 and transferred to this court by order of the district judge on August 19, 2008. Prudential was ordered dismissed from the case in November 2009. The decision on the merits is pending.

It is well settled that district courts have the authority to award costs, including reasonable attorney fees, in interpleader actions. Corrigan Dispatch Co. v. Casa Guzman, S. A., 696 F.2d 359, 364 (5th Cir. 1983). Awarding costs is a matter of judicial discretion. Phillips Petroleum Co. v. Hazelwood, 534 F.2d 61, 63 (5th Cir. 1976). The following facts are relevant in determining whether to award costs to an interpleader-plaintiff:

1) whether the case is simple,

2) whether the interpleader-plaintiff performed any unique services for the claimants or the court,

3) whether the interpleader-plaintiff acted in good faith and with diligence,

4) whether the services rendered benefitted the interpleader-plaintiff, and

5) whether the claimants improperly protracted the proceedings. See 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1719 (3d. Ed. 2001).

Prudential seeks a total attorney fee award of $7842.50 which includes bills from two law firms, one in New York ($5551) and one in New Orleans $2291.50).

This case was originally filed in New Jersey and was transferred to Baton Rouge in 2008, some 16 months later. At the hearing on this motion, the court was advised that the New York law firm has overall responsibility for the prosecution of Prudential's interpleader actions. Local counsel is required in other states, including Louisiana, which is where the New Orleans firm comes in. A review of the bills of the two law firms shows that the New York firm did much more than merely review local counsel's work and in fact drafted critical pleadings, affidavits and correspondence. In addition, local counsel's bill reflects that it too performed necessary work and work which would be expected of local counsel. The charges by the two law firms do not appear to be inflated or unnecessary.

Concerning the factors listed above, this would have been a simple case but for the fact that the defendants chose to file third party claims which delayed the case requiring continuing monitoring and other work by the law firms. Those claims were ultimately dismissed. Their filing, however, resulted in the filing by a third party defendant of a motion to dismiss the interpleader which required Prudential to respond and defend its interpleader action. In addition, one of the defendants in interpleader, Beverly Robinson-Downs died during the pendency of the case and required substitution and further delayed the case and required additional monitoring and work by the Prudential lawyers. The work done on Prudential's behalf was, therefore, both unique and

performed in good faith with due diligence. As I have noted, the actions of the claimants to the funds protracted the proceedings which are now ongoing for almost four years.

Nevertheless, as noted above, the total insurance proceeds are $25,000. A fee in the requested amount of $7842.50 would remove almost a third of the policy proceeds from the rightful beneficiaries. In my opinion, a more reasonable and fair result to all parties would be a fee of no more than 25%, or $6250, plus costs of $12.11 for a total of $6,262.11.

Therefore, based on the foregoing, judgment is rendered in favor of Prudential and against defendants for attorney fees in the amount of $6,262.11. The Clerk of Court is authorized, upon the furnishing by it of adequate tax identification information, to draw a check in the amount of $6,262.11 to Prudential which check shall be mailed to it through its counsel of record.

Alexandria, Louisiana, March 24, 2011.

James T. Trimble, Jr.

U. S. DISTRICT JUDGE