UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRUDENTIAL INSURANCE CO. OF AMERICA | CIVIL ACTION NO. 08-528 |
| VERSUS | JUDGE TRIMBLE |
| BEVERLY ROBINSON DOWNS and ALICE DOWNS, ET AL. | |
| VERSUS | |
| SOUTHERN UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, BETTY HODGE and LESTER POURCIAU | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court are simultaneous motions for summary judgment by defendants/third-party plaintiffs Beverly Robinson Downs and Alice Downs.[1] For the reasons expressed herein, the court finds that summary judgment should be GRANTED in favor of defendant stakeholder Alice Downs.

I.   RELEVANT FACTS

This interpleader action was filed in 2008 by Prudential Insurance Company of America ("Prudential"), naming as defendants Beverly Robinson-Downs ("Robinson-Downs"), Alice Downs ("Downs"), Hall Davis & Son Funeral Service, Ltd. ("Hall Davis"), Southern Memorial Gardens ("Southern Memorial"), C & J Financial, LLC ("C & J") and Ford Acceptance Corporation ("Ford").[2] Prudential asserted that it provided benefits to certain employees of

---

[1] R. 106, 109.
[2] R. 1.

1

Southern University under Group Policy Number G-33624 (the "Plan") and that Raymond Downs, deceased on November 29, 2006, was an enrolled participant in the Plan at the time of his death.

Prudential further asserted that Raymond Downs was married to Downs from 1965 until 2002 and, during that marriage, executed an "Enrollment Form" naming Downs as the primary beneficiary of all benefits under the Plan and further naming the two children of that marriage, Kirsten Downs and Raymond Downs, Jr., as contingent beneficiaries. Prudential also asserted that, after divorcing Downs, Raymond Downs married Robinson-Downs in 2004 and remained married to her at the time of his death in 2006.

Prudential averred that benefits in the amount of $25,000 were due to the rightful beneficiary of the Plan, but Prudential could not ascertain the identity of such rightful beneficiary. Stakeholder defendants Downs and Robinson-Downs answered the interpleader complaint.[3]

Robinson-Downs also asserted third-party claims against Southern University and Southern University employees Betty Hodge and Lester Pouriciau. Robinson-Downs alleged that, shortly after her husband's death, she and her sister Durinda Robinson met with Hodge and Pouriciau. Robinson-Downs alleged that Hodge initially informed her that Downs was the named beneficiary under the Plan, but later in the same meeting assured Robinson-Downs that the revised beneficiary form naming Robinson-Downs had been located. Robinson-Downs alleged that she relied on this statement from Hodge while making funeral arrangements for her husband, which involved written assignments of a portion of these benefits to both Hall Davis Funeral Service, Ltd. ("Hall Davis") and Southern Memorial Gardens ("Southern Memorial"). Robinson-Downs asserts that she was contacted by Pouriciau on the day before her husband's

---
[3] R. 13, 27, 28.

2

funeral and informed that there had been a mistake and Southern could not locate a change of beneficiary form designating Robinson-Downs as the new beneficiary.

Based on these allegations, Robinson-Downs brought claims against Southern University, Hodge and Pouriciau for general negligence, negligent misrepresentation and breach of fiduciary duty. These defendants filed a joint motion to dismiss all claims against them, which was granted by the court based on a finding that these claims exceeded the scope of the court's interpleader jurisdiction.[4] Prudential also voluntarily dismissed Hall Davis, Southern Memorial, C & J and Ford as defendants to this action, based on its knowledge that both Hall Davis and Southern Memorial had been paid in full for all funeral services and were no longer creditors as to any stakeholder.[5]

Robinson-Downs' answer also contained a cross-claim against Downs asserting entitlement to the Plan benefits.[6] This cross-claim has not been dismissed and remains pending among these parties. Additionally, defendant Robinson-Downs died in 2009 and her mother, Gwendolyn Jase Robinson has since been substituted as the proper party.[7] For clarity, however, the court will continue to refer to the competing stakeholders in its analysis.

Now before the court are the competing claims of the remaining stakeholders, Downs and Robinson-Downs. Having provided the parties with ample opportunity to brief the outstanding claims to respond each to the other, we find that the motions are properly before the court for decision.

---

[4] R. 77, 94.
[5] R. 69, 76.
[6] R. 13 at pp. 20-22.
[7] R. 75.

## II. APPLICABLE STANDARD

As amended, Fed. R. Civ. P. 56(a) provides, in part, that

> [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[8]

Once the movant makes such a showing, the burden shifts to the nonmoving party to show that summary judgment is not appropriate by pointing to specific factual allegations which, when taken as true by the court for purposes of the motion, demonstrate that a genuine issue remains for trial.[9] An issue is "genuine" when the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[10]

All evidence produced in support of or in opposition to the motion must be of the sort which would be admissible at the trial of the merits.[11] The court will construe the evidence in the light most favorable to the nonmoving party in that, when faced with specific factual averments by the nonmoving party that contradict specific factual averments by the movant, the court will deny summary judgment.

When confronted with a motion for summary judgment, the nonmoving party may not successfully preserve its claim by resting on the pleadings, but instead, must offer evidence in the form of affidavits, deposition testimony, answers to interrogatories and documents supporting such specific factual allegations.[12] Conclusory allegations unsupported by evidence will not suffice. The nonmoving party must demonstrate more than some "metaphysical doubt"

---

[8] Fed. R. Civ. P. 56 was amended, effective December 1, 2010, but such amendment did not make substantive changes to the summary judgment standard. See advisory committee comments to Rule 56 (2010 amendments).
[9] Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986);
[10] Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) citing Anderson, 477 U.S. at 248.
[11] Fed. R. Civ. P. 56(c)(2).
[12] Fed. R. Civ. P. 56(c)(1).

4

as to the material facts.[13] Where the record, taken as a whole could not support a rational trier of fact's finding for the nonmoving party, there is no genuine issue for trial.[14]

III. ANALYSIS

The Plan terms state as follows:

> "Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits.
>
> You have the right to choose a Beneficiary.
>
> If there is a Beneficiary for the insurance, it is payable to that Beneficiary.
>
> *****************
>
> You may change the Beneficiary at any time without the consent of the Beneficiary. The Beneficiary change form must be filed through the Contract Holder. The change will take effect on the date the form is signed.[15]

An insurance policy is a contract and represents the law as among the parties to that contract.[16] When the terms of a contract are clearly expressed and lead to no absurd consequences, no further interpretation is necessary and the terms should be applied exactly as written.[17]

As cited above, the Plan terms specify that the beneficiary is the person designated on a form approved by Prudential to receive the insurance benefits. The court finds the plain language of the Plan to be unambiguous and does not find that it results in absurd consequences.

---

[13] Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 477 U.S. 242 (1986).
[14] Id.
[15] Copy of policy filed by Prudential [R. 1-2] at p. 30.
[16] La. Civ. C. Art. 1983; Smith v. American Family Life Assur. Co. of Columbus, 584 F.3d 212, 215-16 (5th Cir. 2009) citing In re Katrina Canal Breaches Litigation, 495 F.3d 191, 206 (5th Cir. 2007). The court notes that neither party addresses the issue of whether or not Louisiana law applies to the contract of insurance at issue, but the court finds that Louisiana does apply, given that the contract was executed in Louisiana and contemplates performance in Louisiana.
[17] La. Civ. C. Art. 2046.

The only beneficiary designation form before this court was executed in 2001 and names Alice Downs as the primary beneficiary and names Kirsten Downs and Raymond Downs, Jr. as contingent beneficiaries.[18] While Robinson-Downs offers a letter by Southern University to Prudential asking that Prudential honor Robinson-Downs' claim to the insurance proceeds, such letter does not demonstrate that Robinson-Downs is the "Beneficiary" such as that term is defined by the Plan.[19] Similarly, the court finds that the correspondence from Prudential instructing Robinson-Downs as to how to apply for the insurance proceeds, while perplexing, does not demonstrate that Robinson-Downs was the designated beneficiary.[20]

Robinson-Downs contends that Raymond Downs executed a change of beneficiary form in January of 2004, but that such form was not properly processed by Southern University, acting through Betty Hodge, Lester Pouriciau or by Prudential.[21] This allegation is unsubstantiated by any sworn testimony or evidence. As explained above, in a summary judgment proceeding, it is incumbent upon the parties to offer evidence to support all factual allegations and a conclusory allegation such as that offered by Robison-Downs will not suffice to create a genuine fact issue so as to preclude summary judgment. The court notes that this case was filed in 2008 and the parties have had ample time to collect any evidence which would support their claims.

## IV. CONCLUSION

The court has reviewed the argument and evidence presented by the parties in this matter and finds that Robinson-Downs fails to present any evidence to rebut the presumption created by the only beneficiary designation form before this court, which designates Alice Downs as the "Beneficiary" under the Plan. Accordingly, we find that summary judgment should be entered

---

[18] R. 1-3 at p. 2-3; R. 106-1 at p. 4.
[19] R. 109 at p. 4.
[20] R. 109 at pp. 12-13.
[21] R. 13 at pp. 6-7.

in favor of defendant stakeholder Alice Downs and against defendant stakeholder Beverly Robinson-Downs, now represented in proper party by her surviving mother, Gwendolyn Jace Robinson. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**

**November 23, 2011**

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE